932 F.2d 980
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lewis D. DEL MARCELLE, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 91-3044.
 United States Court of Appeals, Federal Circuit.
 April 4, 1991.
 
 Before PAULINE NEWMAN, MICHEL and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Lewis D. Del Marcelle ("petitioner") appeals the final decision of the Merit Systems Protection Board ("MSPB" or "Board") determining that it had no jurisdiction over petitioner's appeal because his separation from the Internal Revenue Service ("IRS") was voluntary. Because the Board's holding is supported by substantial evidence, we affirm.
 
 DISCUSSION
 
 2
 On August 24, 1990, the Administrative Judge ("AJ") issued his initial decision finding that petitioner's resignation was voluntary, that the resignation was not withdrawn prior to its effective date, and consequently that the MSPB did not have jurisdiction over the appeal. The AJ's decision became final on September 28, 1990.
 
 
 3
 On appeal, we must affirm the Board's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. Haynes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 4
 Here, petitioner argues that the Board's determination on voluntariness was not supported by substantial evidence. In particular, petitioner contends that the AJ erroneously decided that he did not withdraw his resignation in a telephone conversation with his supervisor on January 30, 1990, eleven days before the resignation was to take effect--February 10, 1990. On this issue, petitioner attempts to introduce new evidence relating to both the content and the date of the telephone conversation. However, this court may not, under our rules of procedure, entertain new and additional evidence that was not presented to the decisionmaker below. Even so, it does not appear that the evidence, even if considered, would cause us to upset the AJ's findings. Whether or not the petitioner withdrew his resignation was ultimately a credibility determination by the AJ based on written submissions by both petitioner and the agency. An AJ's credibility determinations, in this case made after review of the written record as well as a telephone conference with petitioner and agency counsel, are given considerable deference and are, in most cases, "virtually unreviewable." Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 5
 The AJ reviewed affidavits by petitioner and his wife that petitioner "did not want to resign," as well as documentary evidence signed by petitioner. In an affidavit, petitioner's supervisor, Richard T. Kendrick, "emphatically denies that [Del Marcelle] made such a request." In addition, the affidavit of Richard Cwiklinski, Jr., an IRS Personnel Specialist who overheard the telephone conversation, supported Kendrick's version of its contents. Finally, the AJ specifically noted that correspondence by petitioner, dated after the effective resignation date and before his appeal to the Board, made no mention of the alleged conversation. As a result, the AJ concluded that "[b]ased on the [petitioner's] ... correspondence to agency managers reaffirming that he resigned effective February 10, 1990, I find that the appellant's current representations that he sought to withdraw, and withdrew, his resignation on January 30, 1990 are not credible." Slip op. at 5. Because substantial evidence supported the determination that petitioner voluntarily resigned, we must affirm.